O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

NOV 16 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA DOTY-FLYNN, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL J. ASTRUE, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. EDCV 10-316 RNB <br><br> ORDER AFFIRMING DECISION OF COMMISSIONER |

The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1]

With respect to Disputed Issue No. 1, as a preliminary matter, the Court notes that until such time as either a Ninth Circuit en banc panel or the United States

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

Supreme Court rejects the Ninth Circuit's judicially-created "treating physician rule," this Court is compelled to follow it.

The Court further notes that plaintiff no longer is contending that the Administrative Law Judge ("ALJ") failed to properly consider Dr. Kunam's September 17, 2007 evaluation of plaintiff's mental work capacity, as plaintiff did in Case No. EDCV 08-694 RNB.² Instead, plaintiff now is contending that the ALJ failed to properly consider the "opinions" of Dr. Kunam reflected on the January 13, 2003 initial evaluation form (see Jt Stip at 3-7), a claim that plaintiff could have but did not make in her previous case. However, with the exception of sleep disturbance, Dr. Kunam rated all of plaintiff's symptoms as "none" or "mild." (See AR 433.) Moreover, although Dr. Kunam did rate plaintiff's affect as "expansive" and her mood as "depressed," he also found her to be: well groomed; calm; with intact thought process, memory, and judgment; without any signs of hallucinations or delusions; and oriented. (See AR 435.) Although he found her moderately impaired with respect to family and severely impaired with respect to her spouse/partner relationship, he also found her only mildly impaired with respect to other primary relationships, her health/physical well-being, and most importantly "work/school."

---

² In any event, the Court finds and concludes that the ALJ did state at AR 395 sufficient specific and legitimate reasons that were supported by the substantial evidence of record for rejecting the opinions of Dr. Kunam that are reflected on the September 17, 2007 evaluation form and the similar Work Capacity Evaluation (Mental) form dated July 30, 2009. See, e.g., Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (holding that "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings"); Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004) (noting that "an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, . . . or by objective medical findings"); Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (holding that an ALJ may reject check-off forms that do not contain an explanation of the bases for their conclusions).

(See id.). Finally, like the ALJ and the Commissioner, the Court does not read the current GAF score assessed by Dr. Kunam as a 45, but rather as a 65 (which in the Court's view is consistent with Dr. Kunam's other ratings).[3] (See id.) The Court also notes that Dr. Kunam did not even purport to render an opinion on plaintiff's highest GAF during the past year. (See id.) The Court finds that there is nothing inconsistent between the "opinions" reflected on Dr. Kunam's initial evaluation form, which the ALJ's decision reflects he did consider (see AR 393) and the ALJ's finding based on all the evidence of record that plaintiff's medically determinable mental impairment did not cause more than minimal limitation in her ability to perform basic work activities and consequently did not qualify as a severe impairment. (See AR 392.) Accordingly, the Court concurs with the Commissioner that reversal is not warranted based on the ALJ's alleged failure to properly consider the "opinions" reflected on Dr. Kunam's initial evaluation form.

The Court's findings and conclusions above that (a) the ALJ properly rejected the opinions of Dr. Kunam that are reflected on his September 17, 2007 and July 30, 2009 Work Capacity Evaluation (Mental) forms, and (b) reversal is not warranted based on the alleged failure of the ALJ to properly consider the "opinions" of Dr. Kunam reflected on the January 13, 2003 initial evaluation form are dispositive for the most part of plaintiff's contentions with respect to Disputed Issue No. 2. The Court further notes that the ALJ's Step Two determination was not based solely on his rejection of Dr. Kunam's opinions. The decision reflects the ALJ's thoughtful

---

[3] A GAF of 65 is indicative of "[s]ome mild symptoms *(e.g., depressed mood and mild insomnia)* OR some difficulty in social, occupational, or school functioning *(e.g., occasional truancy, or theft within household)*, but generally functioning pretty well, has some meaningful interpersonal relationships." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed.). By way of contrast, the GAF range for "moderate symptoms" is 51-60, and the range for "serious symptoms is 41-50. Id.

consideration of the various treatment notes, as well as other evidence in the record bearing on the issue of the severity of plaintiff's mental impairment, including plaintiff's testimony, her treatment history record, the opinions of the consultative examiner, and the opinions of the State agency review psychiatrists. (See AR 392-95.) For the foregoing reasons as well as those stated by the Commissioner (see Jt Stip at 20:25-22:17), the Court finds and concludes that reversal is not warranted based on the ALJ's alleged error in finding, at Step Two of the Commissioner's sequential evaluation process, that plaintiff's medically determinable mental impairment did not cause more than minimal limitation in plaintiff's ability to perform basic mental work activities and consequently did not qualify as a severe impairment.

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: November 15, 2010

/s/ Robert N. Block
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE